## BAIRD *v.* SMITH.

1. It is not error to overrule exceptions to the answer of a justice of the peace to a writ of certiorari, where the evidence alleged in such exceptions to have been omitted was immaterial, and where the answer contained substantially all of the evidence introduced on the trial that was favorable to the party excepting.

2. An objection to the introduction of interrogatories, to be used in the justice's court of the 120th district, G. M., Richmond county, on the ground that in the preamble or heading of the answers to the same the parties acting as commissioners referred to the case as one pending "in the justice court of Dooly county, 120 District, G. M.," was properly overruled where it appeared that the case and court in which it was pending were properly stated in the caption to the interrogatories, and also at the head of the answers.

Submitted October 10,—Decided November 13, 1905.

Certiorari. Before Judge Hammond. Richmond superior court. April 22, 1905.

Smith sued Baird in a justice's court, for rent. Baird acknowledged indebtedness, with the exception of one month's rent, as to which he denied liability. The evidence was that he and his mother and sister occupied the house of plaintiff. Baird testified that he vacated the premises on February 29, leaving the house in the possession of his mother and sister to whom he had previously sublet a part of the house, and that he notified his landlord of his action in the matter by a letter written March 2, which he sent in regular course of mail. Smith testified, by interrogatories, that he received the letter on March 3, but that he looked to the defendant to pay the rent for March; that the defendant's mother offered to pay a part of the rent for March, but he would not accept it, telling her to forward it to her son to whom he looked for the payment of the rent. Upon judgment being rendered against the defendant, he carried the case by writ of certiorari to the superior court. In his answer to the writ the justice set forth substantially the same evidence contained in the petition for certiorari, omitting only to state that the defendant testified that he had told his mother and sister that they would have to make arrangements with Smith in regard to their remaining in the house longer than February 29, on which day he intended giving up the premises, and that he "admitted that he was due Mr. Smith rent for three months, one month in 1902, and January and February, 1904, at $9.00 per month, amounting to $27.00." Before the calling of the case the defendant objected to the answer of the magistrate, for the reason that it failed to fully set out his testimony, which objection the court overruled on the ground that it should have been filed at the first term of the court, being in the nature of a traverse pro tanto. One of the grounds for certiorari urged in the court below was that on the trial of the case

in the justice's court the magistrate admitted, over the defendant's objection, interrogatories of the plaintiff, the answers to which recited that they were to be used in the justice's court for the 120th district, G. M., of Dooly county, whereas the case was pending in the justice court of the 120th district, G. M., of Richmond county. After hearing the certiorari the same was overruled, and the defendant excepted.

*J. J. Zachry*, for plaintiff in error.   *D. G. Fogarty,* contra.

BECK, J. (After stating the facts.)  1. Before this case was called for trial in the court below, the plaintiff in error filed objections to the answer of the justice of the peace, alleging that he had not fully set out in his answer the plaintiff's evidence, that the plaintiff in error had testified "that he left his mother and sisters living in the house he rented from Smith, but told them they would have to make arrangements with Mr. Smith in regard to their remaining in the house any longer after February 29, 1904; that the house was rented by the month, and not by the year." Whether these objections are such exceptions to the justice's answer as are contemplated in the Civil Code, §4647, or whether they should be treated as a traverse pro tanto of the justice's answer, the overruling and disallowing them was not erroneous, because from no point of view can the evidence recited in them be considered as material to the cause of plaintiff in error; for had the testimony alleged in said objections to have been omitted been included in the evidence as set forth in the justice's answer, it could not have had the effect of altering or changing the judgment of the court, which was adverse to the defendant in the case. Under the testimony of Baird himself, he had rented Smith's house by the month, and, although he left the house on February 29, he did not give his landlord, Smith, notice of his intention to quit until the second day of March. This notice was by letter which Smith did not receive until the third day of March; and it will be remembered that Baird had been occupying this house as a tenant by the month for three years, and his mother and sister, whom he had in the house with him—whether as renters or subtenants it is not necessary to discuss, continued to occupy the rented premises during the month of March.

2. The interrogatories should not have been suppressed for any reason argued in the objections of the plaintiff in error. It is

true that the parties acting as commissioners had made a mistake in the caption or preamble to the answer, and had referred to the case as one pending "in the justice court of Dooly county," while as a matter of fact the case was pending in the justice's court for the 120th district, G. M., of Richmond county; but in the caption to the interrogatories, the case, as well as the court in which it was pending, was properly stated, and then at the head of the answers and immediately preceding the caption thereto the case was again correctly stated, and the answers and interrogatories were returned together to the proper court. There could exist no doubt as to the case for which the evidence was intended. "Even where the answers to interrogatories were headed with a case different from that stated in the questions and commission, but there appeared enough to show that the answers were really intended for this latter case, it was held that they might be read in this latter case." *Mathis* v. *Colbert*, 24 *Ga.* 384.

> *Judgment affirmed. All the Justices concur.*